[No. 9,200.  In Bank.—July 22, 1884.]

## MOUND CITY LAND AND WATER ASSOCIATION, APPELLANT, v. J. S. SLAUSON ET AL., RESPONDENTS.

CONTRACT — CONSIDERATION. — An agreement by a party to a contract for the sale of land, that he will prevent a judgment against the other party in an action brought against him on a guaranty, or protect him against such judgment in case of a recovery, is a sufficient consideration for the contract of sale, although the contract of guaranty may have been invalid.

TRUST — PLEADING — COMPLAINT — DEMURRER. — The action was brought to establish a trust, and compel a conveyance of the trust property. The court below sustained a demurrer to the complaint. *Held*, that no trust was shown by the complaint, and that the demurrer was properly sustained.

APPEAL from a judgment of the Superior Court of the county of Los Angeles.

The facts sufficiently appear in the head-notes and opinion.

*Bicknell & White*, and *J. S. Slauson*, for Appellant.

The guaranty having been given in pursuance of a resolution of a board of directors of which Wolfskill was a member, and for the payment of a debt for which he was individually liable, was fraudulent and void. (*Goodwin* v. *Cincinnati & White Water Co.* 18 Ohio St. 169; S. C. 3 Withrow Am. Corp. Cas. 652; *Ogden* v. *Murray*, 39 N. Y. 202; 3 Withrow, 610; *Bliss* v. *Matteson & Litchfield*, 45 N. Y. 22; 4 Withrow, 540; *Port* v. *Russell*, 36 Ind. 60; 4 Withrow, 381; *Michoud* v. *Girod*, 4 How. 503; *European & North American Railway Co.*

v. *Poor,* 4 Withrow, 421; *Wright* v. *Oroville Gold & Silver Mining Co.* 40 Cal. 20; *San Diego* v. *S. D. & L. A. R. Co.* 44 Cal. 106; *Wilbur* v. *Lynde,* 49 Cal. 290; *Davis* v. *Rock Creek L. F. & M. Co.* 55 Cal. 359.) The .board of directors had no authority to give the guaranty of the corporation. (Green's Brice's Ultra Vires, pp. 121, n. and 412, n.) There was no consideration for the contract of guaranty, or for the deed. (Green's Brice's Ultra Vires, p. 412, n.) The board exceeded its authority in attempting to dispose of all its property, and put an end to its business.

*John F. Godfrey,* and *R. M. Widney,* for Respondents.

The board of directors had power to guarantee the payment of the debt to the bank. (Civ. Code, § 354, subd. 8; *Low* v. *C. P. R. R. Co.* 52 Cal. 53.) The deed of plaintiff's interest in the land was based on a good consideration. The promise of Slauson was a good consideration whether the guaranty was valid or not. (Wait's Actions and Defenses, vol. 1, p. 91, *et seq.*) The law will not take cognizance of the adequacy of consideration. Neither the guaranty nor deed were void because Wolfskill was a member of the board of directors. The. interest of one director will not defeat the action of a board, if a majority of a quorum of the board are disinterested. (*Leavitt* v. *Oxford & Geneva Silver Min. Co.* 3 Utah, 265; *People ex rel. Flint* v. *Harrington,* 63 Cal. 257; *San Diego* v. *S. D. & L. A. R. R. Co.* 44 Cal. 112.) The complaint does not allege that the deed to Slauson conveyed all the corporate property. But it might convey all. (*Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543.) The plaintiff does not set up any facts which constitute fraud. (*Capuro* v. *Builders' Ins. Co.* 39 Cal. 123; *O. & V. R. R. Co.* v. *Plumas Co.* 37 Cal. 354.)

THORNTON, J.—The conveyance made by plaintiff to Slauson was on sufficient consideration, to wit, that Slauson would prevent the recovery of or protect plaintiff against any personal judgment on a certain contract of *guaranty* in the action brought by the Los Angeles County Bank against Wolfskill, plaintiff, and others. This Slauson agreed to do. On this agreement the conveyance was executed. A promise for a

promise is a sufficient consideration. (1 Pars. Contracts, 373.) The promise on the part of plaintiff was to make a conveyance if Slauson would agree to protect it, and the promise on the part of Slauson was to protect it, in consideration of the conveyance.

It may be remarked that this promise by Slauson appears to have been complied with, for in the action the bank failed to recover a personal judgment against the plaintiff.

In this view it makes no difference that plaintiff was not bound on the guaranty, which, it was claimed, subjected it to a personal judgment in the suit of the bank. Slauson agreed to protect it from any judgment against it in that suit. Whether it was bound or not by the guaranty was the very question to be determined in that suit, and Slauson undertook to defend the suit and defeat the claim against plaintiff; or if he could not defeat the action and judgment passed against it, to protect it against such judgment.

It is said that the contract of guaranty was *ultra vires,* and therefore did not bind the corporation. But the bank in its action was claiming that this contract was not *ultra vires;* that it bound plaintiff, and was seeking to make it liable in the suit and have judgment against it. Whether Slauson knew or thought the contract bound plaintiff or not does not appear; but it makes no difference whether he thought or knew it did not. He may have acted on the view of the law that it did not bind plaintiff, but this was the very point in judicature, and we see no reason why, if he was clear and positive in his opinion that plaintiff was not bound, that he could not contract as he did. He bore no relation of trust or confidence to the plaintiff which bound him to take care of its interests. He was not its guardian, agent, director, or trustee. The parties dealt at arms length, untrammeled by any confidential or fiduciary relations. The fact that Slauson was, at the time the contract was made, the president of the board of directors of the Los Angeles County Bank, cuts no figure in the matter. His holding that position did not render his contract illegal. The transaction is not claimed or alleged to have been in any way fraudulent, except as to the inducement to the members of plaintiff's board of directors to sanction the contract with and conveyance to

Slauson, viz., that it was made to protect themselves against personal liability as stockholders of the plaintiff corporation. This motive was not alleged to have been known to Slauson, or that he acted on it. Conceding that this motive on the part of the directors would have made the conveyance fraudulent, as Slauson knew of no such motive, he could not have acted on it, and he was guilty of no fraud.

The same reasoning applies, if the contract of guaranty made by the plaintiff was without consideration. Slauson's contract may have induced, and no doubt did induce him to defend the action, and he had a right to defend on both grounds, that plaintiff's contract was without consideration and *ultra vires*, or on either. Slauson did not contract that plaintiff's contract was *ultra vires*, and without consideration, and therefore of no force, but that he would prevent a judgment against plaintiff, or if recovered, would protect plaintiff from it. At any rate, the outcome was that plaintiff succeeded in the action.

Whatever title the bank acquired to the lands involved herein was obtained by a fair purchase under a fair sale in the foreclosure suit. If it purchased in this mode the San Jose Rancho and the San Jose addition (that it purchased does not clearly appear) there was a redemption from the purchase of these lands by Wolfskill. As to the Azusa Rancho, there was no redemption, and for this property a sheriff's deed was made to it after the lapse of the proper period, and it (the bank) subsequently conveyed this rancho to defendant Philip H. Martz. These sales to and purchases by the bank are not assailed in any way as unfair. If they were unfair, redress should have been sought by a motion to the court, in which the judgment of foreclosure was rendered, to have them vacated.

We find no averment in the complaint of any circumstances which vested in plaintiff herein any equity by which to charge the bank as its trustee. The grantee of the bank, Philip H. Martz, stands in its place, and occupies a position equally as favorable. There is nothing to justify fastening a trust on Martz, either as the grantee of the bank or of Slauson.

We will add here that there is no charge of a combination or collusion by Slauson with the directors, who, as a board, authorized the conveyance to him, to defraud the corporation or its

stockholders, and no facts averred which show any such combination or collusion. Nor is it alleged that Slauson was the bank in another guise, the latter seeking through him, as its instrument or intermediary, to secure an inequitable advantage of the plaintiff or its stockholders.

We think the judgment should be affirmed and it is so ordered.

SHARPSTEIN, J., ROSS, J., McKINSTRY, J., and MYRICK, J., concurred.